United States District Court
Southern District of Texas

**BASF Corporation**,

                Plaintiff,

vs.

**SNF Holding Company,
Flopam Inc., Chemtall Inc., SNF SAS,
SNF (China) Flocculant Co., Ltd.**

                Defendants.

Case No.: _____

Jury Trial Demanded

## ORIGINAL COMPLAINT

Plaintiff BASF Corporation ("BASF" or "Plaintiff") files this Complaint against defendants SNF Holding Company ("SNF Holding"), Flopam Inc. ("Flopam"), Chemtall Inc. ("Chemtall"), SNF SAS ("SNF-France"), SNF (China) Flocculant Co., Ltd. ("SNF-China") (collectively "Defendants") and alleges, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

**I.   INTRODUCTION**

1. BASF is one of the world's leading chemical companies whose success is based on innovation. BASF's corporate purpose, "We create chemistry for a sustainable future," evidences this commitment to innovation. BASF uses its innovation to help its customers be more successful.

2. BASF's commitment to innovation is also evidenced by its vast intellectual property portfolio. BASF files hundreds of new U.S. patent applications each year, and currently owns over a thousand issued U.S. patents. Of relevance to the present lawsuit is U.S. Patent No. 5,633,329 entitled "Preparation of High Molecular Weight Polymers" (the '329 patent). The

'329 patent protects an important innovation for more efficiently manufacturing polymers, such as polyacrylamides, using a reactor with a conical taper.

3.  Polyacrylamides are used in applications including water treatment, mining, agriculture, and oil/gas recovery. In recent years, demand for polyacrylamides has grown and is most significant in the oil and gas industry. Polyacrylamides have a wide range of applications in the oil and gas industry ranging from drilling muds to enhanced oil recovery (EOR) operations. As a result, technologies for efficient manufacture of polyacrylamides, such as those invented by BASF in the '329 patent, have also become increasingly more important.

4.  Recognizing the demand for polyacrylamides, Defendants have expanded their polyacrylamide production capacity at existing facilities and opened a new manufacturing facility in Plaquemine, Louisiana in 2013. Based on publicly available information, BASF believes that Defendants are employing polymer manufacturing processes that infringe one or more claims of the '329 patent.

5.  Defendants operate through a multinational chemical company known as the SNF Floerger Group, which is controlled by a French holding company, SPCM SA. The SNF Floerger Group, apart from some minor shareholders, is entirely owned by one man: Mr. Rene Pich. The SNF Floerger Group and its operating companies manufacture, import, and distribute polyacrylamide products in the United States and abroad. BASF and the SNF Floerger Group are competitors in at least the polyacrylamide market.

6.  In addition to the Plaquemine plant, the SNF Floerger Group operates plants that manufacture polyacrylamide products in at least Riceboro, Georgia and outside the United States in Andrézieux, France and Taixing, China. The SNF Floerger Group also imports polyacrylamide polymer into the U.S., including the Port of Houston, from its overseas facilities.

The SNF Floerger Group then distributes these products through a number of operating companies, including companies located and doing business in Texas. Because the global center of the energy industry is located in this District, the SNF Floerger Group has a significant number of customers and sales in this District.

7. Defendants compete with BASF, and Defendants' use of the polymer manufacturing processes claimed in the '329 patent is unauthorized by BASF. Thus, BASF brings the present lawsuit.

## II. THE PARTIES

8. BASF Corporation is a company organized and existing under the laws of Delaware, having a business address at 100 Park Avenue, Florham Park, New Jersey. BASF is authorized to do and does business in the State of Texas and has facilities in Beaumont, Port Arthur, Pasadena, Channelview, Freeport, and Houston, Texas.

9. SNF Holding is a corporation organized under the laws of Delaware, with a place of business at 1 Chemical Plant Road, Riceboro, Georgia 31323. SNF Holding has appointed National Registered Agents, Inc., 160 Greentree Drive, STE 101, Dover, Delaware 19904, as its agent for service of process. SNF Holding refers to itself as a Specialty Chemical Company and the world's largest water-soluble polymer manufacturer serving municipal water treatment facilities and the manufacturing, mining, oil, natural gas, personal care, and agricultural industries. SNF Holding is the U.S. subsidiary of SPCM SA and is the parent corporation of SNF Inc., Flopam, Chemtall, Flomin, Inc., Polychemie Inc., and Polydyne, Inc.

10. Flopam is a corporation organized under the laws of the State of Delaware with a place of business at 24710 Plaza Drive, Plaquemine, Louisiana. Flopam is authorized to do and does business in the State of Texas and this District, and also has a place of business at 16055

Space Center Blvd, Houston, Texas. Flopam has appointed National Registered Agents, Inc., 160 Greentree Drive, STE 101, Dover, Delaware 19904, as its agent for service of process. Flopam is a wholly owned subsidiary of SNF Holding Company.

11. Chemtall is a corporation organized under the laws of Georgia, with a place of business at 1 Chemical Plant Road, Riceboro, Georgia. Chemtall has appointed National Registered Agents, Inc., 1201 Peachtree Street, STE 1240, Atlanta, Georgia 30361, as its agent for service of process. Chemtall is a subsidiary of SNF Holding.

12. SNF-France is a French company with a place of business at ZAC de Milieux, Rue Adrienne Bolland, F42163, Andrézieux – France.

13. SNF-China is a company with a place of business No. 6, North Binjiang Road, Taixing Economic Development Zone, Taixing, Jiangsu Province, 225442, China.

### III. JURISDICTION AND VENUE

14. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action relating to patents).

15. The Defendants have significant contacts in this District, including manufacturing, distribution, sales, and imports in this District, as well as maintaining facilities and personnel in this District. Additionally, Defendants have committed acts of patent infringement in this District (including importing into this District) and elsewhere in Texas and the United States. Defendants also regularly do business or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from products and/or services provided to individuals in this District and in this State.

16. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1391(b) and

1400(b) because the acts and transactions constituting the violations alleged herein, occurred in part in this judicial district and the Defendants are found and transact business in this judicial district. Venue is also proper in this district under 28 U.S.C. § 1391(c) because Defendants are entities that are subject to personal jurisdiction in this district. Venue is also proper in this district under 28 U.S.C. § 1391(d).

### IV. PATENT INFRINGEMENT

17. BASF incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. United States Patent No. 5,633,329, entitled "Preparation of High Molecular Weight Polymers" (the '329 patent), was duly and legally issued after a full and fair examination on May 27, 1997. A true and correct copy of the '329 patent is attached as Exhibit A. BASF is the assignee of all rights, title, and interest in the '329 patent.

19. The '329 patent allows BASF the right to exclude others, including Defendants, from, among other things, making, offering for sale, selling, using, and importing:

> A process for preparing high molecular weight polymers, which comprises polymerizing water-soluble, monoethylenically unsaturated monomers and, if desired, crosslinkers which contain at least two nonconjugated, ethylenically unsaturated double bonds in the molecule, and, if desired, water-insoluble monoethylenically unsaturated monomers in aqueous solution in the presence of polymerization initiators in a tubular reactor which has a conical taper at the end, the ratio of the diameter of the reactor (D1) to the diameter at the end of the conical taper of the reactor (D2) being from 2:1 to 25:1 and the angle between D1 at the start of the conical taper and the inner cone wall being >45° and <90°, and removing the gelatinous reaction mixture by injection of an inert gas..

20. In violation of 35 U.S.C. § 271(a), SNF Holding, Chemtall, and Flopam are and have been directly infringing the '329 patent by making without authorization polyacrylamide products using the inventions claimed in the '329 patent.

21. In violation of 35 U.S.C. § 271(g), SNF-France and SNF-China are and have been directly infringing the '329 patent by making polyacrylamide products using the process claimed

in the '329 patent at their manufacturing facilities in Taixing, China and Andrézieux, France, respectively and importing into the United States and/or selling or offering to sell within the United States such polyacrylamide products.

22. In violation of 35 U.S.C. § 271(g), Defendant Chemtall is and has been directly infringing the '329 patent by importing into the United States and/or selling or offering to sell within the United States polyacrylamide products made by SNF-France and/or SNF-China using the process claimed in the '329 patent.

23. In violation of 35 U.S.C. § 271(g), Defendant SNF Holding is and has been directly infringing the '329 patent by importing into the United States and/or selling or offering to sell within the United States polyacrylamide products made by SNF-France and/or SNF-China using the process claimed in the '329 patent.

24. In violation of 35 U.S.C. § 271(b), Defendant SNF Holding is and has been actively inducing others, such as Flopam and Chemtall, to directly infringe the '329 patent. SNF Holding possesses actual knowledge of the '329 patent and/or SNF Holding should have known of the '329 patent. SNF Holding's knowledge of the '329 patent is due at least to SNF Holding's significant presence in the United States polyacrylamide market and due to BASF being a direct competitor of SNF Holding. At a minimum, SNF Holding has knowledge of the '329 patent at least as of the filing of this complaint. SNF Holding is responsible for the operation of the Chemtall and Flopam facilities and therefore has detailed knowledge of the methods performed at those facilities. SNF Holding knowingly and deliberately instructs Chemtall and Flopam to manufacture polyacrylamide powders. Furthermore, SNF Holding is responsible for staffing the Chemtall and Flopam facilities. Accordingly, SNF Holding knew, or should have known, that manufacture of polyacrylamide powders by Chemtall and Flopam constituted infringement of the

'329 patent.

25. As a result of Defendants' unlawful infringement of the '329 patent, BASF has suffered and will continue to suffer damage. BASF is entitled to recover from Defendants the damages suffered by BASF as a result of their unlawful acts.

26. Defendants intend to continue their unlawful infringing activity, and BASF continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activities unless this Court enjoins Defendants from further infringing activities.

27. Defendants had knowledge of the '329 patent and infringement of the '329 patent since at least the filing of this complaint.

28. Defendants' past infringement and/or continuing infringement has been deliberate and willful. This case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to BASF.

## V. PRAYER FOR RELIEF

29. BASF prays for the following relief:

a) That Defendants be declared to have infringed the claims of the '329 patent as alleged above under 35 U.S.C. § 271;

b) That Defendants and its officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from further infringement of the '329 patent under 35 U.S.C. § 283;

c) That Defendants be ordered to account for and pay to BASF all damages caused to BASF by reason of Defendants' infringement of the '329 patent pursuant to

35 U.S.C. § 284;

    d)    That Defendants be ordered to pay treble damages for willful infringement of '329 patent pursuant to 35 U.S.C. § 284;

    e)    That this case be declared exceptional under 35 U.S.C. § 285 and that BASF be awarded its attorneys' fees, expenses, and costs incurred in this action;

    f)    That BASF be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '329 patent;

    g)    That Defendants be ordered to pay all costs associated with this action; and

    h)    That BASF be granted such other and additional relief as the Court deems just and proper.

Dated: September 23, 2014.

/s/ Robert R. Riddle
Robert R. Riddle (attorney-in-charge)
Texas Bar No. 24035495
S.D. Tex. No. 1553007
Reed Smith, LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
RRiddle@reedsmith.com
Telephone: +1 713 469 3800
Facsimile: +1 713 469 3899

Scott D. Baker (Of Counsel)
California Bar No. _____
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
sbaker@reedsmith.com
Telephone: +1 415 543 8700

*Counsel for Plaintiff*

United States District Court
Southern District of Texas

| | |
|---|---|
| **BASF Corporation**,<br><br>    Plaintiff,<br><br> vs.<br><br>**SNF Holding Company,**<br>**Flopam Inc., Chemtall Inc., SNF SAS,**<br>**SNF (China) Flocculant Co., Ltd.**<br><br>    Defendants. | Case No.: _____<br><br>Jury Trial Demanded |

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, BASF Corporation, hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

Dated: September 23, 2014.

              /s/ Robert R. Riddle
              Robert R. Riddle (attorney-in-charge)
              Texas Bar No. 24035495
              S.D. Tex. No. 1553007
              Reed Smith, LLP
              811 Main Street, Suite 1700
              Houston, TX 77002-6110
              RRiddle@reedsmith.com
              Telephone: +1 713 469 3800
              Facsimile: +1 713 469 3899

              Scott D. Baker (Of Counsel)
              California Bar No. 084923_____
              Reed Smith LLP
              101 Second Street
              Suite 1800
              San Francisco, CA 94105-3659
              sbaker@reedsmith.com
              Telephone: +1 415 543 8700

              *Counsel for Plaintiff*